IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HAMISI YUSUF AHMED,

           Plaintiff,

vs.                                       Case No. 22-3096-SAC

MULTIPLE UNKNOWN SEDGWICK
COUNTY SHERIFF'S OFFICE AGENTS,

           Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Sedgwick County Jail. Plaintiff has presented his complaint on a form for an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

Plaintiff has previously started a very similar case against the Sedgwick County Sheriff's Office – Case No. 22-3082-SAC. In that case, the court filed at Doc. No. 6 a "Notice and Order to Show Cause" on April 25, 2022. From that document, plaintiff should be aware of the screening standards applied by the court to

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

prisoner cases under 28 U.S.C. § 1915A and those standards are incorporated by reference in this order.

I. The complaint

The form complaint has three counts.  It generally alleges that while plaintiff was confined in the Sedgwick County Jail, "the jail staff . . . caused plaintiff multiple damages and raised concerns causing [the] . . .health, mental and psychological state of plaintiff to be critical." Doc. No. 1, p. 2.  Plaintiff asserts that defendants have caused plaintiff to contract cancer "by doing multiple unlawful practices, discrimination, intimidation and abusing power including racism."  Id.  In Count I, plaintiff broadly asserts physical, emotional and verbal abuse.  Plaintiff further claims that the "jail house" knew of but did not take plaintiff's health condition seriously.  In Count II, the complaint alleges "discrimination and failure to comply."  Plaintiff claims that multiple department officers verbally abused him and failed to wear masks or take COVID tests.  This was in April 2022. Plaintiff further asserts he was forced to carry a heavy load, when such activity was disapproved by doctors. Finally, in Count III the complaint alleges manifest injustice and intimidation.

Plaintiff asks for monetary damages and for immediate release from custody.

Attached to the complaint is a statement from plaintiff. Doc. No. 1-1.  The statement goes into somewhat greater detail

describing the problems mentioned in the form complaint. Plaintiff alleges that defendants took actions which delayed, denied or interfered with necessary medical procedures and caused plaintiff additional pain and emotional distress. Plaintiff claims he was denied x-rays for head injuries. Plaintiff further asserts that the denial of medical care caused him to rush to take a plea deal. He also repeats that disturbing language was used against him.

II. Screening

A. Rule 10 and Rule 8

Fed.R.Civ.P. 10(a) states that the "title" or caption of the complaint "must name all the parties." The caption of the complaint in this case does not name any defendant. The body of the complaint also violates Fed.R.Civ.P. 8(a) which has been interpreted to require that plaintiff "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and, what specific legal right [he] believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). As the Tenth Circuit stated in Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013):

> It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

3

Plaintiff may proceed against a party whose name is unknown as a "John Doe" or a "Jane Doe" if the complaint "'makes allegations specific enough to permit the identity of the party to be ascertained.'" Perez v. Does 1-10, 931 F.3d 641, 646 (8th Cir. 2019)(quoting Estate of Rosenberg by Rosenberg v. Crandall, 56 F.3d 35, 37 (8th Cir. 1995)).  Here, it is not sufficiently clear who plaintiff is suing, what he or she did or did not do, and what his or her position is.  This is inadequate to make a "short and plain" statement which gives fair notice of plaintiff's claim as required by Rule 8(a)(2).[2]

The court made this point in the show cause order issued in Case No. 22-3082 at Doc. No. 6, p. 4.  There the court stated: "[plaintiff] must identify the individual defendants who participated in the violations he alleges."  The court also stated that plaintiff may not "proceed on "'conclusory allegations without supporting factual averments.'"  Id., quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

B. Verbal abuse

Plaintiff alleges that he has been subjected to verbal abuse of a racist nature.  While such behavior is unprofessional and deplorable, the Tenth Circuit has held that it does not amount to

---

[2] In plaintiff's "Memorandum and Statement" (Doc. No. 1-1) and in his "Additional Notes/Memo" (Doc. No. 3), plaintiff refers to a specific doctor.  Plaintiff will have an opportunity to clarify in an amended complaint what persons he wishes to sue and what claims he wishes to bring in this case.

a constitutional violation. See Tate v. Wiggins, 805 Fed.Appx. 159, 164 (3rd Cir. 2020)(strong sexual obscentities); Moore v. Morris, 116 Fed.Appx. 203, 205 (10th Cir. 2004)(racial epithet); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001)(threats and taunts); Williams v. Levansailor, 1998 WL 426865 *1 (10th Cir. 7/21/1998)(racist joke).

### C. Duplicative litigation

Plaintiff's claims in Case No. 22-3082 and Case No. 22-3096 appear to be generally the same.  A district court has the authority to "'stay or dismiss a suit that is duplicative of another federal lawsuit.'"  Park v. TD Ameritrade Trust Co., Inc., 461 Fed.Appx. 753, 755 (10th Cir. 2012)(quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)).  The court shall direct plaintiff to show cause why the court should not consider these two cases to be duplicative litigation.

### D. Release

Along with monetary relief, plaintiff asks for immediate release from custody in his request for relief. Doc. No. 1, p. 5. The Supreme Court, however, has held that when a state prisoner seeks immediate release or a speedier release from imprisonment, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Therefore, plaintiff cannot state a claim for release from prison in this § 1983 action. Loggins v. Pilshaw, 838 Fed.Appx. 323, 327 (10th Cir. 2020).

III. Appointment of counsel

Plaintiff states in Doc. No. 3 that he wishes reconsideration of the denial of appointment of counsel in Case No. 22-3082. For the reasons given in the show cause order at Doc. No. 6, p. 5 in Case No. 22-3082, the court shall continue to deny appointment of counsel without prejudice to plaintiff raising the request at a later time.

IV. Conclusion

For the reasons set forth, the court grants plaintiff time until June 24, 2022 to file an amended complaint, or, in the alternative, to show cause why the present complaint should not be dismissed. If plaintiff chooses to file an amended complaint, it must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, plaintiff must submit a complete amended complaint. See Fed.R.Civ.P. 15. An amended complaint is not an addendum or supplement to the original complaint, but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of

6

this action on the first page of the amended complaint. Plaintiff must name every defendant in the caption of the amended complaint. See Fed.R.Civ.P. 10(a). He must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

Plaintiff is further directed to show cause by June 24, 2022 why the court should not consider this action and Case No. 22-3082 to be duplicative litigation.

Consistent with the body of this order, plaintiff's request for appointment of counsel is denied.

The failure to file a timely response to this show cause order may result in the dismissal of this action without additional prior notice.

**IT IS SO ORDERED.**

Dated this 27th day of May 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge